ST. PAUL, J.
 

 Plaintiff sold certain lands to the Orange Land Company, which failed to pay the price, and thereupon retroceded the lands to plaintiff.
 

 Plaintiff then sold part of the same landS[ to wit, 20 acres, to the Alluvial Land Purchase Company for $2,613.62, of which $380.99 was paid cash, and the balance of $2,232.63 was payable in 27 monthly installments of $82.69 each, secured by mortgage and vendor’s lien on the property sold, containing the pact de non alienando.
 

 It was further stipulated in said mortgage that the mortgagee plaintiff would release one acre of said land for each $200 paid on the balance of the purchase price.
 

 I.
 

 The Alluvial Land Purchase Company then subdivided the 20 acres into town lots of approximately 30 feet front by 120 in depth and sold certain of said lots to various persons, among others, to H. E. Troxler, four lots (Nos. 4, 5, 6, and 7) in square “Letter I” and to Fred Hamilton, five lots (Nos. 9, 10, 11, 12, and 13) in the same square.
 

 They also sold lots on the same square, and in others, to Mrs. J. A. Aabrams, to Mrs. B. Blankenship, and to John Burke. But as these three last-named purchasers have not appealed from the judgment of the lower court ordering the cancellation of the sales to them in the proceedings hereinafter mentioned, we are not now concerned with these three sales, but only with the two sales first mentioned.
 

 II.
 

 On May 12, 1922, E. P. Brady (Alluvial Land Purchase Company) paid plaintiff the sum of $200 for the express purpose of obtaining a release of the lands above said. This release plaintiff at first agreed to execute, but afterwards failed and refused to do so, on the ground that in addition to two installments of $82.69 each, then due, said Brady • owed her money on other accounts. This appears to us, to have been an afterthought on the part of plaintiff to avoid signing the release, for although, it may be true that Brady owed her money on other accounts, yet the fact is that the parties had other transactions together on which plaintiff in turn owed Brady money sufficient to take care of the amounts he owed her. In other words, we find as a fact that Brady paid plaintiff the $200 for the purpose of getting a release as to the property which he had sold to third parties, and, if plaintiff chose to impute the payment to other accounts than the price due on the property, that did not in any way affect her obligation to release the property sold by Brady and pointed out by him for release.
 

 III.
 

 The Alluvial Land Purchase Company failed to pay the balance of the price. Plaintiff foreclosed, and, in order to clear the title for the purchaser at the foreclosure sale, ruled the Alluvial Land Purchase Company and its various purchasers to show cause why all said inscriptions should not be canceled. The trial judge ordered them all canceled, but, as above said, we think plaintiff is not entitled to have this done. But we can deal only with the claims of those parties who have appealed, to wit, the Alluvial Land Purchase Company, H. B. Troxler, and Fred Hamilton.
 

 
 *1083
 
 IT.
 

 It would, of course, be useless, and is not permissible to cancel the sale by plaintiff' to the Orange Land Company and the retro-cession by. that company to plaintiff, for that is the basis of the title by which plaintiff sold to the Alluvial Land Purchase Company and ' forms a necessary link in the chain of title.
 

 It would also be useless and is equally not permissible to cancel the sale by plaintiff to the Alluvial Land Purchase. Company, for that is the very foundation of the executory proceedings, or foreclosure, herein had, since a person cannot foreclose upon his own property.
 

 Hence all that plaintiff is entitled to herein is the cancellation of the three sales by the Alluvial Land Purchase Company to Mrs. J. A. Aabrams, to Mrs. B. Blankenship, and to John Burke, and she is entitled to that only because said parties have not appealed, and the judgment against them in the court below is now final.
 

 For convenience we will amend and recast the judgment so as to read as follows:
 

 Decree.
 

 It is therefore ordered that the register of conveyances for the parish of Orleans be and he is hereby ordered to cancel and erase from his records the following inscriptions, to wit:
 

 1° Sale by Alluvial Land Purchase Company to Mrs. J. A. Aabrams, of lot 8 in square I, registered in C. O. Book 353, folio 413, on August 3, 1922;
 

 2° Sale by Alluvial Land Purchase Company to Mrs. B. Blankenship, of lots 13, 14, 15, and 16 in square G, registered in C. O. Book 364, folio 199, on April 9, 1923; and
 

 3° Sale by Alluvial Land Purchase Company to John Burke, of lots 15, 16, and 17 in square I, registered in C. O. Book 359, folio 378, on December 20,1922.
 

 It is further ordered that in all other respects the demands of the plaintiff be and they are rejected at her cost in both courts.